```
               UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION         03 AUG -7 PM 2: 57
```



```
MARTHA MARTIN et al.,        }
                             }
          Plaintiffs,        }
                             }
v.                           }     CV 02-AR-2482-S
                             }
                             }
BAPTIST HEALTH SYSTEMS, INC. }
d/b/a SHELBY RIDGE NURSING   }
HOME, et al.,                }
                             }
          Defendants.        }
```

**ENTERED AUG 7 2003**

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Baptist Health Systems, Inc., d/b/a Shelby Ridge Nursing Home ("Shelby Ridge") for partial judgment on the pleadings. Plaintiffs, Martha Martin ("Martin") and Helen Kirkland ("Kirkland"), black females, instituted this action against their employers, Briggs and Briggs, Inc., ("Briggs & Briggs"), a temporary employment agency, and Shelby Ridge, making various claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1981a, and Alabama law. Martin and Kirkland allege that they were subjected to a racially hostile work environment while working at Shelby Ridge, and that as a result of their complaints of racial discrimination and harassment to management for both Shelby Ridge and Briggs & Briggs, they were retaliated against in that they were terminated by Shelby Ridge and



not reassigned to other employment by Briggs & Briggs.

### Facts

Briggs & Briggs placed Martin and Kirkland with its client, Shelby Ridge, in October 2000 and April 2001, respectively. During their tenures at Shelby Ridge, Martin and Kirkland worked primarily as cooks in the nursing home kitchen. Both Martin and Kirkland allege that they were subjected to a racially hostile work environment. According to plaintiffs, Tom Maze, their supervisor and a full-time management employee of Shelby Ridge, created the hostile work environment through his actions and comments, including but not limited to the constant use of racial slurs such as "nigger" and "boy" when referring to male co-workers, the telling of racist jokes, the humiliating use of racial stereotypes and comments, and his general overall degrading treatment of blacks working at Shelby Ridge. Martin and Kirkland further allege that they reported Maze's racial harassment and discriminatory conduct to higher management at both Shelby Ridge and Briggs & Briggs, and as a result of their complaints Shelby Ridge terminated their employment and Briggs & Briggs failed to reassign them to other employers after their termination.

On May 19, 2003, Martin and Kirkland along with Briggs & Briggs filed a joint motion for dismissal as to all claims asserted against Briggs & Briggs, stating that discovery has

revealed no basis for proceeding against Briggs & Briggs. Shelby Ridge opposes the joint motion to dismiss. On June 19, 2003, Shelby Ridge filed its motion for partial judgment on the pleadings, asserting that plaintiffs' claims for retaliation and lost wages are due to be dismissed because plaintiffs have plead those claims in a self-contradictory manner. Specifically, Shelby Ridge asserts that plaintiffs inconsistently alleged in their complaint and joint motion to dismiss as follows:

> 1) Plaintiffs began working at Shelby Ridge "**through Briggs & Briggs, Inc.**," an employment agency.
>
> 2) Shelby Ridge is "a Briggs & Briggs client where plaintiffs performed temporary services."
>
> 3) After complaining of "race discrimination and harassment to Briggs & Briggs and Shelby Ridge, plaintiff Martin was discharged by Briggs and Briggs and Shelby Ridge "in that **Briggs & Briggs** refused to assign her to other employers."
>
> 4) After complaining of race discrimination and harassment to Briggs & Briggs and Shelby Ridge, plaintiff Kirkland was discharged by Briggs & Briggs and Shelby Ridge, "in that **Briggs and Briggs** failed to assign her to other employers until approximately six months after her discharge from Shelby Ridge Nursing Home."
>
> 5) In spite of their initial assertion that Briggs & Briggs retaliated against them by "not reassigning them to another place of employment" after Shelby Ridge, plaintiffs subsequently alleged that "Briggs & Briggs did not discriminate or retaliate" against them.

(emphasis in original)

From this Shelby Ridge says that the only act of retaliation actually complained of is Briggs & Briggs' failure to "reassign[]

them [plaintiffs] to another place of employment" after Shelby Ridge terminated them; a claim that they denied in their joint motion to dismiss wherein they say that "Briggs & Briggs did not discriminate or retaliate" against them. It is Shelby Ridge's position that the retaliation claim against it is due to be dismissed because plaintiffs have alleged only one act of retaliation, namely the act of defendant, Briggs & Briggs and then admitted that Briggs & Briggs did not retaliate. Similarly, Shelby Ridge argues that because Briggs & Briggs was responsible for the continuing assignment of Martin and Kirkland to other employers and because plaintiffs have admitted that Briggs & Briggs did not discriminate against them, their claims for lost wages must also be dismissed.

### Analysis

The court respectfully disagrees with Shelby Ridge. Shelby Ridge has misread the record. The pertinent paragraphs in the complaint are as follows:

> 10. Within approximately one or two days of her final complaint of race discrimination and racial harassment, **Martin was discharged by Shelby Ridge Nursing Home and by Briggs and Briggs, Inc., in that Briggs and Briggs refused to assign her to other employers.**

> 16. Within approximately one or two days thereafter, **Kirkland was discharged from her employment by Shelby Ridge Nursing Home and by Briggs and Briggs, Inc., in that Briggs and Briggs failed to assign her to other employers** until approximately six months after her discharge from Shelby Ridge Nursing Home.

In Shelby Ridge's rendition, Briggs & Briggs and Shelby Ridge are reversed so that it appears that Martin and Kirkland are making a single claim of retaliation against both defendants for failure to reassign them to other employers.  From the court's reading of the complaint, Martin and Kirkland are alleging that they were retaliated against when Shelby Ridge discharged them from their employment *AND* when Briggs & Briggs failed or refused to reassign them to other employers.  In other words, plaintiffs allege two separable acts of retaliation, Shelby Ridge's discharge and Briggs & Briggs' failure to reassign.  The dismissal of the action against Briggs & Briggs does not vitiate Martin's and Kirkland's claims of retaliation against Shelby Ridge.

In a similar vein, while Shelby Ridge is correct in asserting that Briggs & Briggs was responsible for reassigning plaintiffs to other employers, this fact alone does not negate plaintiffs' claims for lost wages against Shelby Ridge.  If Briggs & Briggs should have immediately reassigned plaintiffs to other employers after Shelby Ridge terminated them, but it did not reassign them for nearly six months, Shelby Ridge is not automatically relieved of potential liability for the wages that plaintiffs lost from the time of their terminations until the earliest time that Briggs & Briggs could have assigned them to other employers.  Although plaintiffs have the burden of proof on

the issue of damages, and the amount of provable damages may be minuscule, plaintiffs' claims for lost wages against Shelby Ridge are not nullified by the elimination of the claims against Briggs & Briggs.

## Conclusion

For the foregoing reasons Shelby Ridge's motion for partial judgment on the pleadings will be denied by separate order and the joint motion to dismiss the action against Briggs & Briggs will be granted.

DONE this 7th day of August, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE